CREIGHTON *v.* ROSSEAU & HART.

In an action on a receipt, as follows: "Received of J. H. Creighton, a lot of
    medicine and ware, valued at $42.87 1-2, for which we are to pay him at
    any time within two years from this 10th April, 1844," and signed by de-
    fendants, to which the statute of limitations was pleaded ;

*Held*, that it was the right of the makers of the receipt, to determine the time
    of payment, at any time within two years; and that prior to the expira-
    tion of that time, no action was maintainable against them on the demand.

*Appeal from the Marion District Court.*

THIS action was commenced by Creighton before a justice of the peace, on the 29th day of June, 1854, on a receipt in the words and figures following: "Received of J. H. Creighton, a lot of medicine and ware, valued at $42.87 1-2, for which we are to pay him at any time within two years from this 10th of April, 1844," and signed by the defendants. The defendants pleaded, orally, the statute of limitations, which was noted down in the docket of the justice. Judgment was rendered by the justice in favor of the defendants. And on appeal to the District Court, that judgment was affirmed. The plaintiff appeals, and the decision of the court sustaining the plea of the statute of limitations, is assigned as error.

*James A. Seevers,* for appellant.

*Knapp & Caldwell,* for appellees.

ISBELL, J.—It is claimed by defendants, that on this demand the statute of limitations began to run at the time of its execution, and that, consequently, it was fully barred before the taking effect of the Code. And it is admitted that if the statute did not thus begin to run, it is not yet barred.

The only question for this court to determine is, when could an action have been maintained on this contract; or, in other words, when did it become due? And with regard to this, we are inclined to the conclusion, that this instrument is not different in its legal effect from one made payable on or before two years from date; that it was the right of the makers of this receipt, to determine the time of the payment at any time within two years; and that prior to the expiration of that time, no action would have been maintainable against them on this demand.

Judgment reversed, and cause remanded.